1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

11

12

13

JASON TRABAKOOLAS and SHEILA
STETSON, individually and on behalf of all
others similarly situated,

Case No.   3:12-cv-01172-YGR

14

15

                          Plaintiffs

16

        v.

**STIPULATED PROTECTIVE ORDER (AS
MODIFIED BY THE COURT)**

17

WATTS WATER TECHNOLOGIES, INC.,
WATTS REGULATOR CO., WATTS PLUMBING
TECHNOLOGIES (TAIZHOU) CO., LTD.,
WOLVERINE BRASS, INC., AND JOHN
DOES 1-100.

18

The Honorable Yvonne Gonzalez Rogers

19

20

                          Defendants.

21

22

23

24

25

26

27

28

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protected material entitled to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, it is ORDERED pursuant to this Court's authority under Fed. R. Civ. P. 26(c):

2.      DEFINITIONS

2.1     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), which include trade secrets, proprietary research and development, cost analysis, business and marketing strategies,  regulatory compliance and communication, financial information and projections, risk assessment and analysis, and confidential contracts or agreements.

2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff and employees).

1

2

3        2.4     Designating Party:  a Party or Non-Party that designates information or items that

4   it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

5        2.5     Disclosure or Discovery Material:  all items or information, regardless of the

6   medium or manner in which it is generated, stored, or maintained (including, among other

7   things, testimony, transcripts, and tangible things), that are produced or generated in disclosures

8   or responses to discovery in this matter.

9        2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent

10  to the litigation who has been retained by a Party or its counsel to serve as an expert witness or

11  as a consultant in this action.

12       2.7     House Counsel:  attorneys who are employees of a party to this action.  House

13  Counsel does not include Outside Counsel of Record or any other outside counsel.

14       2.8     Non-Party:  any natural person, partnership, corporation, association, or other

15  legal entity not named as a Party to this action.

16       2.9     Outside Counsel of Record:  attorneys who are not employees of a party to this

17  action but are retained to represent or advise a party to this action and have appeared in this

18  action on behalf of that party or are affiliated with a law firm which has appeared on behalf of

19  that party.

20       2.10    Party:  any party to this action, including all of its officers, directors, employees,

21  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

22       2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery

23  Material in this action.

24       2.12    Professional Vendors:  persons or entities that provide litigation support services

25  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

26  organizing, storing, or retrieving data in any form or medium, as well as trial and jury

27  consultants) and their employees and subcontractors.

28       2.13    Protected Material: any Disclosure or Discovery Material that is designated as
    "CONFIDENTIAL."

1

2

3     2.14   Receiving Party: a Party that receives Disclosure or Discovery Material from a

4   Producing Party.

5     3.     SCOPE

6     The protections conferred by this Stipulation and Order cover not only Protected Material

7   (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

8   all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

9   conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

10  However, the protections conferred by this Stipulation and Order do not cover the following

11  information:  (a) any information that is in the public domain at the time of disclosure to a

12  Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

13  a result of publication not involving a violation of this Order, including becoming part of the

14  public record through trial or otherwise; and (b) any information known to the Receiving Party

15  prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

16  obtained the information lawfully and under no obligation of confidentiality to the Designating

17  Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

18    4.     DURATION

19    Even after final disposition of this litigation, the confidentiality obligations imposed by

20  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

21  order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all

22  claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

23  the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this

24  action, including the time limits for filing any motions or applications for extension of time

25  pursuant to applicable law.

26    5.     DESIGNATING PROTECTED MATERIAL

27    5.1    Exercise of Restraint and Care in Designating Material for Protection.   The

28  parties acknowledge that much of the discovery in this matter directly targets confidential

    information including trade secrets or personal identification information.  Each Party or Non-

Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

(b)     <u>for testimony given in deposition or in other pre-trial proceedings</u>, that the Designating Party identify within 30 days after receiving the certified deposition or pre-trial hearing transcript from the court reporter, designate pages and lines of the transcript (and

exhibits thereto) as confidential in writing to the Receiving Party.  The parties and the court reporter shall thereafter mark such pages in all copies of the transcript with the following legend, "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" and will note on the cover page of any such deposition provide the following legend: "Certain Designated Pages of this Deposition are Confidential and Subject to a Protective Order."  If timely designations are made, a party who seeks to use the confidential portion as an exhibit or part of a pleading, they shall make an application with the Court to file under seal.

Deposition exhibits that include or reference Protected Material         s h a l l automatically be designated as confidential.  Similarly, portions of the deposition transcript that discuss or reference Protected Material shall automatically be designated as confidential.

The parties may only designate as confidential portions of the depositions that they, their own employees or persons with confidential obligations to the Producing Party provided.  The parties may not designate the depositions of independent third parties who have no such confidentiality obligations, except to the extent an inquiry was made of the third party regarding Confidential Documents.

(c)      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." In the event a Receiving Party generates any hard copy transcription or printout from any such designated non-paper media, such party shall stamp each page CONFIDENTIAL.

5.3      Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

1
2
3        6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

4        6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of

5   confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

6   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

7   burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

8   challenge a confidentiality designation by electing not to mount a challenge promptly after the

9   original designation is disclosed.

10       6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution

11  process by providing written notice of each designation it is challenging and describing the basis

12  for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written

13  notice must recite that the challenge to confidentiality is being made in accordance with this

14  specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in

15  good faith and must begin the process by conferring in person (other forms of communication

16  are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging

17  Party must explain the basis for its belief that the confidentiality designation was not proper and

18  must give the Designating Party an opportunity to review the designated material, to reconsider

19  the circumstances, and, if no change in designation is offered, to explain the basis for the chosen

20  designation.  A Challenging Party may proceed to the next stage of the challenge process only if

21  it has engaged in this in-person meet and confer process first or establishes that the Designating

22  Party is unwilling to participate in the meet and confer process in a timely manner.  (*See*

23  Standing Order in Civil Cases at Section 8.)

24       6.3     Judicial Intervention.  If the dispute cannot be resolved within the time provided

25  in paragraph 6.2 above, the parties shall, within 10 days of the expiration of the time period

26  provided in paragraph 6.2 prepare and present to the Court a joint letter of no more than 4 pages,

27  in compliance with Section 8 of Standing Order in Civil Cases, briefly outlining the disputed

28  issues and requesting a telephone conference or in-person meeting with the Court.  The parties

shall thereafter present to the Court, during the conference (if any), their respective positions

about the propriety of the challenged designations.  The procedure for resolving the dispute,

including the need for additional briefing, shall by determined by the Court following the conference.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a joint letter with the Court as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

8

1

2

3       (b)      the current or former officers, directors, and employees (including House

4  Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation

5  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6       (c)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is

7  reasonably necessary for this litigation and who have signed the "Acknowledgment and

8  Agreement to Be Bound" (Exhibit A);

9       (d)      the court and its personnel;

10       (e)      court reporters and their staff, professional jury or trial consultants, mock jurors,

11  and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

12  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

13       (f)      witnesses in the action to whom disclosure is reasonably necessary and who have

14  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15       (g)       the author or recipient of a document containing the information or a custodian

16  or other person who otherwise possessed or knew the information;

17       (h)      Any putative class representative plaintiff named in this action;

18       (i)      Any other person to whom the Designating Party agrees in writing or on the

19  record and any other person to whom the Court compels access to Confidential Information.

20       7.3      <u>Retention of Exhibit A</u>. Outside Counsel for the Party that obtains the signed

21  "Agreements To Be Bound By Protective Order" (Exhibit A), as required above, shall retain

22  them for one year following the final termination of this action, including any appeals, and shall

23  make them available to other Parties upon good cause shown.

24       8.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

25  If a Party is served with a subpoena or a court order issued in other litigation that

26  compels disclosure of any information or items designated in this action as "CONFIDENTIAL,"

27  that Party must:

28       (a)      promptly notify in writing the Designating Party.  Such notification shall include

a copy of the subpoena or court order;

9

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1]  `Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.`

## 10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the party making such an inadvertent disclosure, after learning of the such disclosure, shall immediately notify the party to whom the disclosure was made.  The party to whom the inadvertent disclosure was made shall promptly return such material and all copies made thereof.  In the event any party hereto receives any document from another party that is, on its face, obviously subject to the attorney-client

---

[1]  The Purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

privilege, attorney work product doctrine, or any other privilege, that party shall immediately return such document and all copies the party made to the party who produced the document. The inadvertent disclosure of privileged or work product information shall not be deemed to be a waiver of any such privilege or work product protection.

12.     MISCELLANEOUS

12.1     The terms of this Protective Order shall govern in all circumstances, and shall require the parties to meet and confer in advance of any proceeding in which confidential materials are to be presented in Court.  This will allow the parties to determine whether any protections in addition to filing matters under seal or redacting confidential information as permitted by Local Rule 79-5 are necessary (e.g., presenting demonstrative exhibits to a closed Court).  Where necessary, the parties shall seek the guidance of the Court as to appropriate procedures and protections for presenting confidential information in the courtroom.

12.2     Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.3     Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.4     Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-

5(d) and General Order 62 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

Within 120 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 120 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: October ___, 2012        _____

Simon Bahne Paris
Patrick Howard
Charles J. Kocher
**SALTZ, MONGELUZZI, BARRETT**
**& BENDESKY, P.C.**
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
*Attorneys for Plaintiffs and the putative Classes*

13

1

2

3

DATED:  October __, 2012

4                                        David S. MacCuish
                                         Todd Benoff
5                                        Lindsay G. Carlson
                                         Alex Akerman
6                                        **ALSTON & BIRD LLP**
                                         333 S. Hope Street, 16th Floor
7                                        Los Angeles, CA  90071
                                         *Attorneys for Defendants*
8

9

10

11    **PURSUANT TO STIPULATION, IT IS SO ORDERED**:

12    This Order terminates Dkt. No. 87.

13

14    DATED: October 17, 2012

      Honorable Yvonne Gonzalez Rogers
15    United States District Court Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

4
5

I, _____, of _____, declare under penalty of

6

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

7

issued by the United States District Court for the Northern District of California on _____

8

___, 20_____, in the case of *Trabakoolas v. Watts Water Technologies et al.*, No. 3:12-cv-

9

01172-YGR, I agree to comply with and to be bound by all the terms of this Stipulated

10

Protective Order and I understand and acknowledge that failure to so comply could expose me to

11

sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose

12

in any manner any information or item that is subject to this Stipulated Protective Order to any

13

person or entity except in strict compliance with the provisions of this Order.

14

I further agree to submit to the jurisdiction of the United States District Court for the

15

Northern District of California for the purpose of enforcing the terms of this Stipulated

16

Protective Order, even if such enforcement proceedings occur after termination of this action.

17

Date:

18

City and State where sworn and signed:

19
20

Printed Name: _____

21
22

Signature: _____

23
24
25
26
27
28

STIPULATED PROTECTIVE ORDER, 3:12-cv-01172-YGR