United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TRABAKOOLAS and SHIELA STETSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>WATTS WATER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No.: 12-cv-01172-YGR<br><br>**ORDER REGARDING DISCOVERY LETTER BRIEF (DKT. NO. 123)** |

The parties have filed a joint discovery letter brief in which Plaintiffs seek a protective order related to certain requests for admission ("RFAs") served by Defendants. (Dkt. No. 123.) Identical requests have been served on each Named Plaintiff. The RFAs fall into two categories:

> (1) RFA nos. 1–8 and 23, which seek admissions from Plaintiffs regarding Liberty Mutual Insurance Company's relationship with Arbitration Forums, Inc., the rules governing that relationship, and effect of that relationship; and

> (2) RFA nos. 38–50, which seek admissions regarding the relationship of class counsel, Saltz Mongeluzzi Barret & Bendesky, PC ("Saltz Firm") and The Law Offices of Robert A. Stutman, P.C. ("Stutman Firm") in a prior litigation, *In re Riverwalk Fire Litigation* ("*Riverwalk* Litigation").[1]

Plaintiffs primarily argue that the RFAs seek information beyond their reasonable knowledge or relative control. Because Plaintiffs were not party to any agreement between Arbitration Forums and Liberty Mutual, they do not have any personal knowledge regarding the first category. Further, Plaintiffs were not parties to the *Riverwalk* Litigation, thus they do not have any knowledge on those issues. Plaintiffs assert that it would be an undue burden for them to familiarize themselves with the

---

[1] In addition to referring to the RFAs by number, the Court may refer to the RFAs by the categories set forth above—*i.e.*, "first category" and "second category."

matters at issue in the RFAs, and that, regardless, the information sought is not relevant to the facts or claims in this action.

Defendants respond with three primary arguments. First, Plaintiffs have propounded their own discovery relating to Arbitration Forums on the same topics as the RFAs at issue, and thus there is no burden because they have already gathered information on the relevant issues. Second, it is irrelevant that Plaintiffs are not members of Arbitration Forums or were not parties in the *Riverwalk* Litigation because that information is within their control through obtained discovery (first category) *and* because the Saltz Firm is their agent with knowledge of their own partnering relationship with the Stutman Firm in the *Riverwalk* Litigation (second category). Third, the discovery is relevant because solicitation of Named Plaintiffs, if improper, raise issues of typicality, adequacy, and/or predominance for class certification.

The Court agrees with Plaintiffs that a protective order is warranted. RFA nos. 1–8 and 23 are not properly directed to Plaintiffs. If Defendants seek *admissions* regarding *Liberty Mutual's* relationship with Arbitration Forums, the rules that bound their relationship, and the effect of that relationship, Defendants can obtain that information from Liberty Mutual directly. To the extent that Plaintiffs have been deposed on these issues already, they have stated they do not have personal knowledge. The fact that Plaintiffs have obtained some discovery on these issues does not change the fact that Defendants seek admissions that are rightfully directed to Liberty Mutual. It would be an undue burden for Plaintiffs to personally become familiar with the nature of the relationship of Liberty Mutual and Arbitration Forums such that they can admit or deny RFA nos. 1–8 and 23. Under Fed. R. Civ. P. 26(b)(2)(C), Plaintiffs have shown that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." As such, good cause has been shown to warrant a protective order.

As to the second category, the Court finds that RFA nos. 38–50 are also not properly directed to Plaintiffs. Defendants admit that the requests are directed to the knowledge of their current counsel, the Saltz Firm. While Defendants characterize this as a "reasonable" investigation, the Court views this an improper use of discovery. At least as these RFAs relate to Plaintiffs, they target information that is wholly unrelated to *their claims* against Defendants and for which Plaintiffs have

2

no personal knowledge on their own. Indeed, the requests relate to a "relationship" that occurred entirely in the course of another litigation. Counsel are not "agents" under the discovery rules such that a party must admit or deny requests based information known only by counsel about another litigation, none of which would be known to the party in the first place.

For the foregoing reasons, the Court **GRANTS** Plaintiffs' request for a protective order. Plaintiffs are not required to respond to RFA nos. 1–8, 23, and 38–50.

This Order terminates Dkt. No. 123.

**IT IS SO ORDERED.**

Dated: April 29, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**