UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TRABAKOOLAS and SHIELA STETSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>WATTS WATER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No.: 12-cv-01172-YGR<br><br>**ORDER DENYING MOTION FOR *IN-CAMERA* PRIVILEGE REVIEW** |

Plaintiffs filed a Motion for *In-Camera* Privilege Review on April 23, 2012. (Dkt. No. 124.) Plaintiffs ask the Court to review three emails and make a determination of "whether they are subject to, and protected from disclosure by, the attorney-client privilege, notwithstanding the Court's Order Regarding Privilege Dispute Involving Counsel for Liberty Mutual Insurance Company." (*Id.* at 1.) Defendants have opposed the motion. (Dkt. No. 132.) The Court held oral argument on May 28, 2013. (Dkt. No. 141.)

Having carefully considered the papers submitted and the pleadings in this action, the arguments of the parties, and for the reasons set forth below, the Court hereby **DENIES** Plaintiffs' Motion for *In-Camera* Privilege Review as procedurally improper and premature.

First, the Court considers the pending motion to be a motion for reconsideration of this Court's Order at Dkt. No. 121 to the extent that Plaintiffs belatedly attempt to show via the emails that Plaintiff Stetson sought legal advice from The Stutman Firm. Plaintiffs previously responded to the Court's Order to Show Cause (Dkt. No. 109), wherein the Court ordered that Plaintiffs show why they should not be ordered to disclose communications with their insurance companies. To Plaintiffs' argument that the Court limited the scope of briefing to a particular line of cases, this argument is not

well-taken because Plaintiffs argued that those cases did not apply here. Plaintiffs had every opportunity to request an *in-camera* review at that time, as the emails were already in their possession and purport to show that Plaintiff Stetson solicited legal advice from Stutman.

Second, because this motion is effectively a motion for reconsideration, Plaintiffs failed to comply with Civ. L.R. 7-9(a) and request leave of court. Even if this Court were to construe the pending motion as requesting leave, Plaintiffs have failed to meet the requirements for granting leave under Civ. L.R. 7-9(b).

Third, the issue is not ripe. While Defendants admit that they requested production of the three emails at issue (identified on Plaintiffs' privilege log [Dkt. No. 125-1]), no meet and confer has occurred. Instead, Plaintiffs filed this motion seeking a determination of privilege. To the extent that Plaintiffs effectively seek a protective order from having to produce these emails, the motion is a discovery motion. The Court notes that the privilege log indicates that Plaintiffs assert not only the attorney-client privilege, but the work product doctrine and/or the common interest privilege with respect to the emails. These other bases have not been briefed. Moreover, the identity of one of the "authors" of the email is unclear to the Court and no email is even authored by Plaintiff Stetson.

The parties are **ORDERED** to meet and confer regarding the production of the three emails and, if they cannot resolve the issue, present the *full* dispute to the Court via the joint discovery letter brief procedure in the Court's Standing Order.

Defendants' request for sanctions is **DENIED**.

This Order terminates Dkt. No. 124.

**IT IS SO ORDERED.**

Dated: May 30, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**