# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TRABAKOOLAS, SHEILA STETSON, CHRISTIE WHEELER, JACK MOONEY, and KEVEN TURNER individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br>v.<br><br>WATTS WATER TECHNOLOGIES, INC., WATTS REGULATOR CO., WOLVERINE BRASS, INC., AND JOHN DOES 1-100.<br><br>Defendants. | No. 3:12-cv-01172-WHO (EDL)<br><br>**DISCOVERY MATTER**<br><br>**[PROPOSED]  ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY AS MODIFIED**<br><br>Date:            July 16, 2013<br>Time:           9:00 a.m.<br>Courtroom:    E, 15th Floor<br>Magistrate Judge Elizabeth D. Laporte<br><br>Action Filed:    March 8, 2012 |

Plaintiffs' Motion to Compel Discovery ("Motion") came before this Court for determination on July 16, 2013.  After oral argument and consideration of the record,[1] and for GOOD CAUSE SHOWN, the Court hereby GRANTS Plaintiffs' Motion in part and DENIES it in part, as described herein.

Federal Rule of Civil Procedure 26(b)(3) protects from discovery those documents "that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer or agent)." FED. R. CIV. P. 26(b)(3).

Watts argues that, based on its experience, a significant percentage of the product liability claims it receives that relate to failed toilet connectors ultimately result in some form of litigation (typically arbitration), so it is reasonable that Watts "anticipates that every product liability claim it receives may eventually be the subject of litigation."  (See, e.g., Greenslade Decl. ¶5.)   Plaintiffs argue that Watts, being self-insured and with its Risk Management Department performing in-house claims investigation and adjusting practices as a routine part of its operation, cannot resist discovery into its claims adjustment process because some significant percentage of claims it receives ultimately ripen into some form of litigation.

The Court finds persuasive and analogous the cases cited by Plaintiffs, which stand for the proposition that where claims adjustments and investigations are done in the normal course of business they are not generally considered protected work product prepared "in anticipation of litigation."  ~~See EEOC v. Safeway Store, Inc., 2002 U.S. Dist. LEXIS 25200, at *17 (rejecting work product assertion for claims "prepared in the ordinary course of investigating and adjusting such claims by Safeway as a self-insurer.");~~ *Moe v. Sys. Transp*., Inc., 270 F.R.D. 613, 624-26 (D. Mont.

---

[1] In ruling on the Motion, the Court considered the parties' briefing (Dkt. No. 152,164, and 177) and supporting papers.  On June 17, 2013, this Court ordered (Dkt. 159) Plaintiffs to identify, and Defendants to submit, up to 35 documents to this Court for in camera review.  These documents, submitted to the Court on June 21, 2013, had either been produced and clawed back by Defendants pursuant to the Protective Order (Dkt. 96) entered in this case, or appeared as items on two privilege logs served by Defendants: (1) a Custodial ESI Privilege Log; and (2) a Claims Files Privilege Log, the most recent versions of each of these Privilege Logs having been served on May 15, 2013.

1   2010) (self-insured's reliance on claim itself as cause to anticipate litigation is insufficient to
2   counter self-insured's obligation to investigate and evaluate claim against self-insured entity in the
3   ordinary course of its business); *Parrick v. FedEx Grounds Package Sys.*, No. CV 09-95-M-DWM-
4   JCL, 2010 U.S. Dist. LEXIS 72814, at *30-34 (D. Mont. July 19, 2010) (rejecting self-insured
5   FedEx assertion that notification of fatal accident claim "as having caused it to anticipate litigation
6   is not sufficient to counter the well-settled scope of a self-insured's ordinary course of business –
7   that being investigation and evaluation of claims against FedEx."); *St. Paul Reins. Co. v. Comm.*
8   *Fin. Corp.,* 197 F.R.D. 620, 636-637 (N.D. Iowa 2000).   Nor is it sufficient to put the risk
9   management department under reporting to an attorney.

10        The Court disagrees with the argument that because Watts has an in-house claims
11  department that handles the initial claims adjustment question "do we pay them or not?" and as a
12  statistical matter a large percentage of claims do turn into a form of litigation, that whenever a
13  claim is made, even without an explicit threat of litigation, there is a reasonable anticipation of
14  litigation.  It is not enough that some significant percentage of claims may ripen into litigation.
15  Courts have not taken that statistical type of approach, and I decline to do so here.

16         In order to properly assert work product protection, Watts must identify a "critical factor
17  that made it anticipate litigation" for each document, and "demonstrate that the critical factor did
18  indeed make the insurer deal with the insured in a different way." *Moe,* 270 F.R.D. at 625.  Thus,
19  Watts must identify a trigger event to assert it reasonably anticipates litigation for each document it
20  claims to be protected as work product.  Depending on the circumstances, these triggers could
21  include the involvement of legal counsel on behalf of the claimant, or the denial of a claim.

22         I conclude that certain Clawback Documents involving toilet connector review studies (the
23  "Connector Review Documents") are not protected work product and must be produced.  I find that
24  the Connector Review Documents are general analyses of claim trends, not prepared in anticipation
25  of specific litigation.  Watts concedes that the Connector Review Documents had a business
26  purpose, but provides declarations from in-house attorneys Brian Davis and Claudette Barker to
27  establish that they also had a legal purpose, and argues that these dual-purpose documents fall
28

1  within the scope of work product protection. I disagree. Pursuant to the Ninth Circuit's but-for

2  test in *In Re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir. 2004), if the document would have

3  been created anyway for a business purpose, it is not enough that it might have had a litigation

4  purpose. I find that the Connector Review Documents deal with customer perception, customer

5  satisfaction, financial burden of claims on cash flow, product improvement and the like. I conclude

6  that the Connector Review Documents would have been created anyway for a business purpose.

## FINDINGS REGARDING CERTAIN DOCUMENTS SUBMITTED IN CAMERA

As noted above, the parties submitted 35 documents to the Court for *in camera* review. I issued oral rulings as to specific documents as set forth in the official transcript of the July 16 hearing, attached hereto as <u>Exhibit A</u>. These rulings may be summarized, as follows:

(i) Document 1184 from the Claims Files Privilege Log is not protected and must be produced;

(ii) Spreadsheets relating to claims files are to be produced, but notes of attorneys adding mental impressions and non-relevant information regarding products other than the toilet connectors at issue in this litigation may be redacted;

(iii) Spreadsheets, or parts thereof, relating to matters in active arbitration or litigation are protected from disclosure and may be withheld from production;

(iv) Document 922 from the Custodial ESI Privilege Log is not relevant and production is not required;

(v) Document 61 from the Custodial ESI Privilege Log does not appear to contain legal analysis or strategy, and does not relate to a specific threat of litigation. Therefore I conclude that this document does not demonstrate anticipation of litigation. Thus it is not protected work product, and must be produced;

(vi) Document 226 from the Custodial ESI Privilege Log is an email from in-house attorneys and is protected;

(vii) Documents 57-58 and 1098 from the Custodial ESI Privilege Log are communications between in-house attorneys and Watts employees relating to the content of toilet

    connector labels.  I find that these documents seek legal advice, and therefore they are protected as attorney client privilege and were properly withheld;

(viii) Documents 762, 768 and 773 from the Custodial ESI Privilege Log are not protected and must be produced;

(ix) Document W0019724 must be produced, but the last paragraph contains protected content and can thus be redacted.

  The Court **ORDERS**:

  1. All documents  for which production has been specifically directed must be produced within 15 days of this Order, with the exception of spreadsheets.  Recognizing that the redaction process relating to spreadsheets may be extensive and time consuming, the Court orders that spreadsheet documents are to be produced within 30 days of this Order.  If Defendants appeal any aspect of this Order to the District Court pursuant to Fed. R. Civ. P. 72(a) and L.R. 72-2, any obligation to produce such affected documents is suspended until the District Court has issued a decision.

  2. The parties are to use the Court's guidance provided at the July 16 hearing, and promptly begin a meet and confer process with respect to the remaining documents that Plaintiffs have challenged, as described in their Motion (Dkt. 152), as well as the documents that Defendants indicated their intent to claw back in correspondence dated June 24, 2013.  Defendants will thereafter produce documents on a rolling basis, as agreed by the parties.

  **IT IS SO ORDERED.**

Dated: Augsut 1, 2013

              *Elizabeth D. Laporte*
              Honorable Elizabeth D. Laporte
              United States Chief Magistrate Judge

Submitted by:

Joseph J. Tabacco, Jr. (SBN 75484)

Todd. A. Seaver (SBN 271067)
**BERMAN DEVALERIO**
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-3200
Facsimile: (415) 433-6282
Email: jtabacco@bermandevalerio.com
tseaver@bermandevalerio.com

*Liaison Counsel for the Putative Classes*

Simon Bahne Paris (admitted *pro hac vice*)
Patrick Howard (admitted *pro hac vice*)
Charles J. Kocher (admitted *pro hac vice*)
**SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.**
One Liberty Place, 52nd Floor
1650 Market Place
Philadelphia, PA19103
Telephone: (215) 575-3985
Facsimile: (215) 496-0999
Email: sparis@smbb.com
phoward@smbb.com
ckocher@smbb.com

*Interim Lead Class Counsel for the Putative class*