1
2
3

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON TRABAKOOLAS, SHEILA STETSON, CHRISTIE WHEELER, JACK MOONEY, and KEVEN TURNER individually and on behalf of all others similarly situated,<br><br>        Plaintiffs<br><br> v.<br><br>WATTS WATER TECHNOLOGIES, INC., WATTS REGULATOR CO., WOLVERINE BRASS, INC., AND JOHN DOES 1-100.<br><br>        Defendants. | No. 3:12-cv-01172-WHO (EDL)<br><br><u>CLASS ACTION</u><br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; CERTIFICATION OF SETTLEMENT  CLASS; AND APPROVAL OF FORM AND CONTENT OF PROPOSED NOTICE** |

1       **WHEREAS**, this Court has read and considered the Settlement Agreement and Release

2  ("Agreement") entered into by and among Defendants Watts Water Technologies, Inc. and Watts

3  Regulator Co.  ("Defendants"), Jason Trabakoolas, Sheila Stetson, Christie Wheeler, Jack Mooney

4  and Keven Turner as individuals and as "Class Representatives" (collectively the "Parties" in the

5  above referenced "Action"), together with all exhibits thereto, the record in this case, and the

6  arguments of counsel;

7       **WHEREAS**, this Court preliminarily finds, for the purposes of settlement only, that the

8  class alleged in the Action meets all the prerequisites of Federal Rule of Civil Procedure 23 for

9  class certification, including numerosity, commonality, typicality, predominance of common

10  issues, superiority, and that the Class Representatives and Class Counsel are adequate

11  representatives of the Settlement Class;

12       **IT IS HEREBY ORDERED AS FOLLOWS**:

13       1.    All terms and definitions used herein have the same meanings as set forth in the

14  Agreement.

15       2.    **The proposed settlement set forth in the Agreement, incorporating the non-**

16  **material modifications to the notice and corresponding requirements in paragraphs 7, 15 and**

17  **16 below and the clarifications regarding the Agreement in paragraphs 25 and 26 below, is**

18  **hereby preliminarily approved as being fair, reasonable and adequate such that notice**

19  **thereof should be given to members of the Settlement Class (as defined in the following**

20  **paragraph).**

21                     <u>Class Certification</u>

22       3.    The Action is provisionally certified as a class action, for the purposes of settlement

23  only, pursuant to Rule 23(b)(3), which class is defined as follows:

24

25               ALL INDIVIDUALS AND ENTITIES, THAT OWN OR OWNED,
                     OR LEASE OR LEASED, A RESIDENCE OR OTHER

26               STRUCTURE LOCATED IN THE UNITED STATES
                     CONTAINING A TOILET CONNECTOR.

27

28

EXCLUDED FROM THE SETTLEMENT CLASS ARE: THOSE
SETTLEMENT CLASS MEMBERS WHO PROPERLY EXCLUDE
THEMSELVES FROM THE SETTLEMENT; THOSE
SETTLEMENT CLASS MEMBERS WHO HAVE PREVIOUSLY
RESOLVED THEIR CLAIMS THROUGH SETTLEMENT OR
FINAL JUDGMENT;  WATTS DEFENDANTS AND THEIR
AFFILIATES; EXCEPT TO THE EXTENT THAT THEY
ACTUALLY INSTALLED A TOILET CONNECTOR, ALL
THOSE BUSINESSES AND ENTITIES THAT SOLD OR
DISTRIBUTED A TOILET CONNECTOR, INCLUDING
CUSTOMERS, RETAILERS, RESELLERS, WHOLESALERS
AND DISTRIBUTORS WHO PURCHASED OR ACQUIRED
TOILET CONNECTORS FROM ANY WATTS DEFENDANT;
AND THE PRESIDING JUDGE AND HIS IMMEDIATE FAMILY.

4.      Class Counsel and the Class Representatives are hereby found to be and are

therefore appointed as adequate representatives of the Settlement Class: Plaintiffs Trabakoolas,

Stetson, Wheeler, Mooney, and Turner are appointed as representatives of the proposed Settlement

Class.  Simon B. Paris, Esquire and Patrick Howard, Esquire of Saltz Mongeluzzi, Barrett &

Bendesky, P.C., 1650 Market Street, 52nd Floor, Philadelphia, PA 19103 are appointed as Lead

Counsel pursuant to Fed. R. Civ. P. 23(g) to represent the interests of the proposed Settlement

Class.

5.      The Court finds that, for purposes of settlement only, the requirements of Fed. R.

Civ. P. 23 are met by the Settlement Class.  Joinder of all Settlement Class Members in a single

proceeding would be impracticable, if not impossible, because of their numbers and dispersion.

Common issues exist among Settlement Class Members' claims regarding whether the Coupling

Nut on the Toilet Connectors is defective.  The Class Representatives claims are typical of those of

the Settlement class, in that: (i) the interest of the Plaintiffs' claims are typical of those of the

Settlement Class; (ii) there are no apparent conflicts between or among the named Plaintiffs and

the members of the Settlement Class; (iii) the Plaintiffs have been and are capable of continuing to

be active participants both in the prosecution of, and the negotiations to settle, the Action; and (iv)

the Plaintiffs and the Settlement Class are represented by qualified, reputable counsel who are

experienced in preparing and prosecuting class actions, including those involving defective

products.  In accordance with the Supreme Court's holding in *Amchem Prods v. Windsor*, 521 U.S.

591, 620 (1997) the Court need not address whether this case, if tried, would present issues of

manageability under Rule 23(b)(3)(D).  Finally, a class action settlement is superior to other available methods for a fair resolution of the controversy.

6.      Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event that the Agreement is not finally approved by this Court or otherwise does not take effect. Certification of the Settlement Class shall be vacated and shall have no effect in the event that the Agreement is not finally approved by this Court or otherwise does not take effect.

<u>Notice to Potential Settlement Class Members</u>

7.      The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the Settlement Class as set forth in the Agreement, except that the following corrections shall be made to the notice and to the Opt Out and Objection requirements:

- On the notice substantially in the form attached to the Settlement Agreement as Exhibit A, in section 16 entitled "How do I exclude myself from the settlement?," modify subsections 4.b. and 4.c. to state: "Approximate date of purchase . . . " and "Approximate date of failure . . . ," respectively.

- On the notice substantially in the form attached to the Settlement Agreement as Exhibit A, in section 19 entitled "How do I tell the Court if I do not like the settlement?," change ". . . first class mail to Lead Class Counsel and Watts' counsel . . ." to "first class mail to District Judge William H. Orrick, United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102."

- On the notice substantially in the form attached to the Settlement Agreement as Exhibit A, in section 19 entitled "How do I tell the Court if I do not like the settlement?," modify Number 5 to "If it exists, proof that your residence or structure contains a Watts toilet connector with an acetal coupling nut (in the form of photographs, installation records, receipts etc.)."

- On the notice substantially in the form attached to the Settlement Agreement as Exhibit A, in section 19 entitled "How do I tell the Court if I do not like the settlement?," modify Number 6 to: "the nature of the objection, the facts underlying it, and any legal authority supporting it, and whether or not the Settlement Class Member intends to appear at the Final Fairness Hearing."

- On the notice substantially in the form attached to the Settlement Agreement as Exhibit A, in section 19 entitled "How do I tell the Court if I do not like the settlement?," modify Number 7 to: "in order to most effectively explain the nature of his or her objection, the Settlement Class Member should, but is not required to, include all evidence and supporting papers (including, but not limited to, all briefs,

written evidence, and declarations) that the Settlement Class Member wants the Court to consider in support of the objection."

- On the notice substantially in the form attached to the Settlement Agreement as Exhibit A, in section 19 entitled "How do I tell the Court if I do not like the settlement?," delete Number 8: "Whether you (or your attorney if you are represented) have objected to a class action settlement more than two times before. If so, identify those cases by case name, court, and case number."

- On the notice substantially in the form attached to the Settlement Agreement as Exhibit A, in section 19 entitled "How do I tell the Court if I do not like the settlement?," delete: "If you object to the settlement, both sides may want to take your deposition, and you must make yourself available within a reasonable timeframe."

- On the notice substantially in the form attached to the Settlement Agreement as Exhibit A, in section 19 entitled "How do I tell the Court if I do not like the settlement?," modify the paragraph above the table containing addresses for Class Counsel and Counsel for Watts to state: "If you want to appear at the Fairness Hearing, on your own behalf (or through your own attorney) and speak in court, you should file a Notice of Appearance with the Court and the Claims Administrator no later than [Month 00, 0000]. This Notice should list (in detail) the subjects you will talk about."

- On the notice substantially in the form attached to the Settlement Agreement as Exhibit A, in section 19 entitled "How do I tell the Court if I do not like the settlement?," delete the table containing addresses for Class Counsel and Counsel for Watts.  Objections will be filed on ECF and be available in that way to Class Counsel and Counsel for Watts.

- On the notice substantially in the form attached to the Settlement Agreement as Exhibit A, in section 19 entitled "How do I tell the Court if I do not like the settlement?," modify the paragraph below the table containing addresses for Class Counsel and Counsel for Watts to state: "If you do not file your objection on time and include the information above, you may lose the opportunity to have your objection considered at the Fairness Hearing.  You will also not be able to object to appeal any of the Court's decisions in connection with the settlement."

- On the notice substantially in the form attached to the Settlement Agreement as Exhibit A, in section 21 entitled "When and where will the Court decide whether to approve the settlement?," modify the final sentence to state: ". . .you should notify the Court of your intention to appear . . . ."

The Court finds that the notice plan contemplated constitutes the best notice practicable under the circumstances and is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed

settlement or opt out of the Settlement Class in full compliance with the requirements of applicable

law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e).

In addition, Class Notice clearly and concisely states in plain, easily understood language: (i) the

nature of the action; (ii) the definition of the certified Settlement Class; (iii) the claims and issues

of the Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an

attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any

member who requests exclusions; (vi) the time and manner for requesting exclusion; and (vii) the

binding effect of a class judgment on members under Rule 23(c)(3).

8.     As set forth in the Settlement Agreement, Settlement Administration, which

includes the costs and expenses incurred in providing notice to the Settlement Class, and attorneys'

fees and expenses shall be deducted from the Total Settlement Amount.

Retention of Class Action Settlement Administrator and Notice Plan

9.     The Court authorizes the Parties to retain Rust Consulting and Kinsella Media to

effectuate the Notice Plan and Epiq Systems to serve as the Claims Administrator.  Rust Consulting

and Kinsella Media shall provide all of the following forms of Notice within thirty (30) days of this

order ("Notice Date"):

- *Direct Mail Notice.*  A copy of the Notice of Pendency and Proposed
  Settlement of Class Action substantially in the form attached to the Settlement
  Agreement as Exhibit A[1] (the "Class Notice"), together with the Claim Form
  (including the Instructions, Claim Form and Release) substantially in the form
  attached to the Settlement Agreement as Exhibit D and this Order, shall be mailed to
  the subrogation departments of the insurance carriers who offer property insurance
  in the United States and such other claimants as can be identified.

- *Published Notice.*  A copy of the Summary Notice substantially in the form
  attached to the Settlement Agreement as Exhibit B shall be published in either half
  or full page adds in the following magazines: *Better Homes & Gardens* (half-page /

[1] With the modifications noted above.

circulation 7.6 million); *ESPN* (half-page / circulation 2.1 million); *National Geographic* (full-page / circulation 4 million); *People* (half-page / circulation 3.475 million). In addition, the Summary Notice are to be published both in *Parade* and *USA Weekend*.

- *National Press Release.*  Issue a joint press release on *PR Newswire's* national wire, reaching approximately 5,500 media outlets and 5,400 websites.  The release will discuss the Settlement and provide the address for the Settlement Website where information can be obtained and downloaded.

- *Internet Notice.*  Banner ads to appear on leading networks, including *24/7 Network*, *AOL Media Network*, and *Specific Media*.  In addition, banner ads will appear on *Facebook.com*, which presently has over 1.15 billion monthly active users worldwide.

- *Postcard Notice.*  A postcard substantially in the form attached to the Settlement Agreement as Exhibit C ("Settlement Postcard") shall be mailed to various companies and business across the United States who provide water damage restoration and plumbing services informing them of the fact of the settlement and that the Class Notice and Claim Form are available on the Settlement Website, or by calling the Toll-Free Number.

- *Website Notice.* A copy of the Notice of Pendency and Proposed Settlement of Class Action will be posted and available for download on a Settlement Website, and will be mailed at no charge to Class Members who call a toll-free number to be ("Toll-Free Number").  This information is to remain available on the Internet until the last day of the five year Claims Period.

### Final Fairness Hearing

10.     At or before the Final Fairness Hearing, the Notice Provider shall file with the Court documentation showing, and an affidavit attesting, that the Notice Plan was executed in accordance with this Order.

1      11.     Thirty (30) days prior to the Objection Deadline, Lead Counsel shall file with the

2 Court and post on the Settlement Website their application for payment of attorneys' fees and

3 expenses, and Service Awards.

4      12.     A hearing (the "Final Fairness Hearing") shall be held by the Court on June 25,

5 2014, beginning at 2:00 p.m., to consider and determine whether the requirements for certification

6 of the Settlement Class have been met and whether the proposed settlement of the Action on the

7 terms set forth in the Agreement should be approved as fair, reasonable, adequate, and in the best

8 interests of the Settlement Class Members; whether Class Counsel's fee and expense application

9 and application for service awards, included as part of the settlement, should be approved; and

10 whether the Final Judgment approving the settlement and dismissing the Action on the merits and

11 with prejudice against the Class Representatives and all Settlement Class Members should be

12 entered. The Final Hearing may, from time to time and without further notice to the Settlement

13 Class (except those who have filed timely and valid objections and requested to speak at the

14 fairness hearing), be continued or adjourned by Order of the Court.

15      13.     No later than twenty (20) days prior to the Final Fairness Hearing, the Parties shall

16 file all papers in support of the application for final approval of the settlement.

17                                   Objections

18      14.     Any Settlement Class Member who complies with the requirements of this

19 paragraph may object to any aspect of the proposed settlement either on their own or through an

20 attorney hired at their expense.  Any Settlement Class Member who intends to object to the

21 proposed settlement must do so no later than sixty (60) days after the Notice Date ("Objection

22 Date").   Objections by any Settlement Class Member may be made to: (A) the certification of the

23 Settlement Class and the proposed settlement contained in the Agreement and described in the

24 Class Notice and Summary Notice; (B) the payment of fees and expenses to Class Counsel or

25 Service Awards to the Class Representatives; and/or (C) entry of the Final Judgment.

26      15.     To exercise this objection right, the Settlement Class Member must provide written

27 notice of the objection via first class mail to United States District Judge William H. Orrick, United

28

States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102 by the Objection Deadline.  The objection must bear the signature of the Settlement Class Member (even if represented by counsel) with the date signed and must specify:  (i) the name of the Class Action *Trabakoolas v. Watts*, No. 4:12-cv-01172-WHO; (ii) the Settlement Class Members current address and telephone number; (iii) whether, on the date of the written objection, the Settlement Class Member owns or rents a residence or structure or formerly owned or rented a residence or structure containing a Toilet Connector; (iv) the address of the property(ies) that may contain or have contained the Toilet Connectors; (v) if it exists, proof that the objector's residence or structure contains a Toilet Connector designed, manufactured, distributed and/or sold by the Watts Defendants (photographs, contemporaneous installation records, etc.); (vi) the nature of the objection, the facts underlying it, and any legal authority supporting it, and whether or not the Settlement Class Member intends to appear at the Final Fairness Hearing; and (vii) in order to most effectively explain the nature of his or her objection, the Settlement Class Member may, but is not required to, include all evidence and supporting papers (including, but not limited to, all briefs, written evidence, and declarations) that the Settlement Class Member wants the Court to consider in support of the objection.  If the Settlement Class Member is represented by counsel, the objection shall also be signed by the attorney who represents the Settlement Class Member.

Opts Outs

16.     Any Settlement Class Member may request to be excluded (or "opt out") from the Settlement Class.  A Settlement Class Member who wishes to opt out of the Settlement Class must do so not later than 60 days from the Notice Date ("Opt Out Date").  In order to opt out, a Settlement Class Member must complete and mail to the Class Action Settlement Administrator, Epiq Systems, a Request for Exclusion that is post-marked no later than the Opt Out Date.  The Request for Exclusion must bear the signature of the Settlement Class Member and include: (i) a specific request to opt out of the litigation; (ii) the Settlement Class Member's name, current address, telephone number, and email address; (iii) proof that the Class Member has owned or leased a residence or other structure that contains a Toilet Connector (photographs,

contemporaneous installation records, etc.); (iv) the approximate date of purchase or installation of any failed Toilet Connector and the date of failure; and (v) an estimate of the amount of damages, if any, that the Person sustained as the result of any alleged failure of a Toilet Connector.  If the Settlement Class Member has entered into a written or oral agreement to be represented by counsel, the Opt Out Form shall also be signed by the attorney who represents the Settlement Class Member.

17.     Except for those Settlement Class Members who have properly filed a timely written Opt Out Form (and all other Excluded Persons), all Persons who meet the definition of Settlement Class Member will be deemed Settlement Class Members for all purposes under this Agreement.

18.     Any Settlement Class Member who has not properly filed a timely written Opt Out Form, and any insurer or other party who can or is entitled to pursue a claim through or in the name or right of a Class Member who has not properly filed a timely and complete written Opt Out Form, shall be bound by this Agreement and by all subsequent proceedings, orders, and judgments issued by the Court.  Any Settlement Class Member who elects to opt out of the Settlement Class pursuant to this Agreement shall not be entitled to relief under or be affected by this Agreement.

Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement.

19.     The Names of all Settlement Class Members who properly requested exclusion shall be attached as an exhibit to any Final Order and Judgment.

<u>Injunction</u>

20.     The Court enjoins all Settlement Class Members, and all Persons that can pursue or are entitled to pursue an action in the name or right of a Settlement Class Member, from commencing or prosecuting any action asserting any claims that are the subject of this Action pending the Final Fairness Hearing, unless they have validly opted out of the settlement described in the Settlement Agreement and the Court has approved such opt outs.

No Admission of Liability

21.     The Agreement and this Order are not admissions of liability or fault by Defendants or the Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by the Defendants or the Released Parties.  The Agreement and settlement are not a concession by the Parties.  To the extent permitted by law, neither this Order, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings to establish any liability of, or admission by the Defendants, the Released Parties, or any of them.  Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order in a proceeding to consummate or enforce the Agreement or this Order, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

Deadlines

22.     In Accordance with the Agreement and exhibits attached thereto, the Court sets the following deadlines:

  a.     The Notice Plan shall be completed within thirty (30) days of the Preliminary Approval Order ("Notice Date").

  b.     All Requests to opt out of the Settlement must be received by the Claims Administrator within sixty (60) days of the Notice Date ("Opt Out Deadline").

  c.     All Objections to the Settlement must be received by the Court within sixty (60) days of the Notice Date ("Objection Deadline").

  d.     Thirty (30) days prior to the Objection Deadline, Lead Counsel shall file with the Court and post on the Settlement Website their application for payment of attorneys' fees and expenses, and Service Awards for the Class Representatives.

  e.     No later than twenty (20) days prior to the Final Fairness Hearing the Parties shall file all papers in support of the application for final approval of the settlement and/or opposition to any Objections received.

1

2

          f.      A Final Fairness Hearing shall be scheduled within approximately ninety (90) days following the Notice Date, or as the Court's schedule permits.

3

4

      23.     If any deadline set forth in this Order falls on a Saturday, Sunday or federal holiday, then such deadline shall be extended to the next Court business day.

5

6

7

8

      24.     The Court reserves the right to adjust the date of the Final Approval Hearing and related deadlines.  In that event, the revised hearing date and/or deadlines shall be posted on the Settlement Website referred to in the Notice, and the parties shall not be required to re-send or republish the Notice.

9

<u>Clarifications regarding Agreement</u>

10

11

12

      25.     The Agreement provides for a Total Settlement Amount of $23 million paid out over a period of five years.  At the Final Fairness hearing, the parties shall advise the Court of the present value of the $23 million Total Settlement Amount.

13

14

15

16

17

18

19

20

21

22

23

24

      26.     At the preliminary fairness hearing, the Court expressed concern that the Agreement appeared to contemplate that monies would revert to Defendants, and that the potential total amount of claims appeared uncertain given the information provided.  Counsel for plaintiffs and Defendants provided the Court assurance that the known and anticipated claims should exhaust, or come very close to exhausting, the Total Settlement Amount of $23 million that Defendants have agreed to pay.  Further, counsel represented that their intent in drafting the Agreement, and particularly paragraph 62, was to provide the Court with complete discretion to direct any remaining funds in any fashion that is fair and reasonable to the class, including to *cy pres* or otherwise, and that the Court had authority under the Agreement not to allow the reversion of any amount to Defendants.  On February 14, 2014, the parties filed a letter (Dkt. No. 275) and proposed Order (Dkt. No. 275-1), including the following language to supplement Paragraph 62(d) of the Settlement Agreement:

25

26

27

28

                If any money remains in the Common Fund after the end of the Damage Claims Period and after all valid Settlement Claims for the Replacement Remedy and Property Damage Remedy have been paid, the Parties shall make a written recommendation to the Court regarding the disposition of the remaining funds, if any. The Court shall direct that the remaining funds shall be paid, or apportioned to,

the following: (1) the Watts Defendants; (2) the Claimants as additional compensation for Property Damage Claims; (3) a cy pres distribution to a charitable cause identified by the Parties and approved by the Court; and/or (4) any other use consistent with the Settlement Agreement as approved by the Court. The Court shall make a decision concerning the disposition of any remaining funds following a hearing requested by the Parties or any Settlement Class Member or set by the Court on its own motion.

The Court adopts the parties' supplemental language.  The Court would not grant preliminary approval if the Agreement required a reversionary interest.  The Court understands that its discretion relates to the Common Fund as defined in the Settlement: "that part of the Total Settlement Amount remaining after the payment of the cost of notice, attorneys' fees and expenses, Service Awards to Class Representatives and shall be the fund from which Replacement Claims and Damage Claims are paid."  This includes any funds that have not already been paid from the Total Settlement Amount, irrespective of the operation of the funding provisions in paragraphs 62(a)-(b) of the Settlement.

Date: February 14, 2014

Hon. William H. Orrick
United States District Judge

ORDER GRANTING PRELIM APP OF CLASS ACTION SETTLEMENT; CERTIFICATION OF SETTLEMENT CLASS; AND
APPROVAL OF FORM AND CONTENT OF PROPOSED NOTICE

12