1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    JASON TRABAKOOLAS, et al.,                    Case No. 12-cv-01172-WHO

8              Plaintiffs,

9         v.                                       **FINAL ORDER AND JUDGMENT**

10   WATTS WATER TECHNOLOGIES, INC.,              Re:  Dkt. Nos. 281, 285
     et al.,
11             Defendants.

12         On February 14, 2014, the Court entered its Order granting Plaintiffs' Motion for

13   Preliminary Approval of Class Action Settlement; Certification of Settlement Class; and Approval

14   of Form and Content of Proposed Notice ("Preliminary Approval Order").[1]  The Final Fairness

15   Hearing was held on July 18, 2014, during which the Court heard Plaintiffs' Motion for Final

16   Approval of Class Action Settlement ("Motion for Final Approval") and Plaintiffs' Motion for an

17   Award of Attorneys' Fees, Reimbursement of Expenses and Service Awards for Class

18   Representatives.  Dkt. Nos. 281, 285.

19         Having considered the parties' written submissions and arguments, objections[2] and

20   comments received regarding the proposed settlement, the record and the arguments of counsel,

21   the Court hereby ORDERS that:

22         (1) the Settlement Class is certified for purposes of the Settlement Agreement and pursuant

23

24   _____

     [1] For the purposes of this Order, the Court adopts all defined terms as set forth in the Settlement
25   Agreement.
     [2] Farmers Insurance Exchange ("Farmers") filed objections to the settlement on July 8, 2014, and
26   withdrew its objections on July 14, 2014.  Dkt. Nos. 287, 296.  The parties filed a joint stipulation
     stating that they met and conferred with Farmers' counsel, and fully addressed and resolved the
27   objections.  *Id.*  The parties state that they were not asked to provide and have not provided any
     consideration to Farmers in exchange for withdrawal of its objections.  *Id.*  Even though the
28   objections were withdrawn, I considered them and find that they do not undermine the fairness,
     reasonableness, and adequacy of the settlement.  The objections were discussed in detail at the
     hearing on this motion on July 18, 2014.

United States District Court
Northern District of California

to Fed. R. Civ. P. 23(b)(3);

(2) the Settlement is approved pursuant to Fed. R. Civ. P. 23(e) and the Class Action Fairness Act as fair, reasonable and adequate;

(3) Plaintiffs' claims are hereby dismissed with prejudice; and

(4) the Settlement Class Members, and any persons or entities that may assert claims on behalf of any Settlement Class Members, are enjoined from participating in any other proceeding relating to the claims released in the Settlement Agreement.

IT IS FURTHER ORDERED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of the Class Action, the Class Representatives, the Settlement Class Members, and Defendants Watts Water Technologies, Inc., Watts Regulator Co., and Wolverine Brass, Inc.

2. Pursuant to Rule 23(c), the Settlement Class as finally certified shall be defined as follows:

**ALL INDIVIDUALS AND ENTITIES, THAT OWN OR OWNED, OR LEASE OR LEASED, A RESIDENCE OR OTHER STRUCTURE LOCATED IN THE UNITED STATES CONTAINING A TOILET CONNECTOR.**

3. As provided in the Settlement Agreement, the following persons are excluded from the Settlement Class: (i) those Settlement Class Members who properly exclude themselves from the settlement; (ii) those Settlement Class Members who have previously resolved their claims through settlement or final judgment; (iii) the Watts Defendants and their affiliates; (iv) except to the extent that they actually have or had an installed a Toilet Connector, all businesses and entities that sold or distributed a toilet connector, including customers, retailers, resellers, wholesalers and distributors who purchased or acquired Toilet Connectors from any Watts Defendant; and (v) the presiding judge and his immediate family.

4. The Court finds that the claims identified in Exhibit A to this Final Order and Judgment are excluded from the Settlement. No other claims are excluded from the Settlement.

5. For the purposes of settlement approval only, the Court finds that the requirements of Fed. R. Civ. P. 23 are satisfied with respect to the Settlement Class as defined above. In particular:

(a) The Settlement Class is so numerous that joinder is impracticable;

United States District Court
Northern District of California

(b) There exists at least one question of fact or law common to the Settlement Class, in that they allege that the Toilet Connectors are defective in design;

(c) The claims of the Class Representatives are typical of the claims of the Settlement Class;

(d) The Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class;

(e) A resolution of this action in the manner proposed in the Settlement Agreement is superior to other available methods for a fair and efficient adjudication of the action, and common issues predominate over individual issues. The Court also notes that, because this action is being settled rather than litigated, the Court need not consider the manageability issues that might be presented by a trial of the underlying class action. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997).

6. A class action "may be settled, voluntarily dismissed, or compromised only with the Court's approval." Fed. R. Civ. P. 23(e). In deciding whether to approve a settlement, the court must determine whether, taken as a whole, it is fundamentally fair, adequate and reasonable. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). In so doing, the court considers: (i) whether the settlement was a product of fraud or collusion; (ii) the complexity, expense and likely duration of the litigation; (iii) the stage of the litigation and applicable discovery; (iv) the probability of plaintiffs prevailing on the merits; (v) the range of possible recovery and certainty of damages; and (vi) the opinions of class counsel, class representatives, and absent class members. *Id*. at 458-60.

7. Having reviewed the settlement and giving consideration to each of the aforementioned factors, the Court finds the settlement to be fair, adequate, and reasonable, and finally approves it pursuant to Federal Rule of Civil Procedure 23(e).

8. The Settlement Agreement resulted from extensive, good-faith, arm's-length negotiations between experienced counsel. The Honorable Layn Phillips, a retired federal court judge, presided during two in-person mediation sessions and follow-up negotiations between the parties over several months, which ultimately resulted in the settlement before the Court.

United States District Court
Northern District of California

3

9. The settlement allows the Settlement Class Members to avoid significant expenses associated with litigation of this Class Action, or litigation of individual cases throughout the country.

10. The timing of the Settlement Agreement weighs strongly in favor of approval. The parties have been sufficiently informed to assess the strengths and weaknesses of their positions, and to make a reasoned evaluation of whether and on what terms to settle. The facts on the case are well-developed, the parties have exchanged substantial written discovery and taken numerous depositions, and they have presented the positions of their respective experts regarding critical matters involved in adjudicating the merits of the litigation.

11. The risk and uncertainty to Settlement Class Members with respect to the prospect of continued litigation also weigh significantly in favor of approval. In evaluating the settlement, the Court compares the benefits of settling against the risks and burdens of potentially protracted litigation. Here, the obstacles to the Settlement Class' potential recovery are numerous and significant. The litigation has been hotly contested. The Watts Defendants deny any fault, wrongdoing, or liability whatsoever on their part, and have asserted numerous affirmative defenses to the facts and causes of action. In particular, the Watts Defendants deny that their products were defectively designed or manufactured. There is evidence to support the Watts' Defendants' position that the Toilet Connectors were appropriately designed and manufactured and that the vast majority of Settlement Class Members have not experienced any problems with their Toilet Connectors.   Defendants maintained that the failure rate of their products was 0.004%, and that any failures were not caused by alleged defects, but by improper installation by third parties. If successful on these threshold liability issues, the Watts Defendants would have prevented recovery to the Settlement Class Members. There is a real risk that, if this case were to be tried, the Settlement Class Members would obtain no monetary recovery at all.

12. The Agreement provides the Settlement Class Members with immediate and certain resolution, and alleviates their burden to prove that the Toilet Connectors are defective and that the Watts Defendants are liable. The Common Fund is established, and Settlement Class Members and other Claimants can make claims immediately and continue to make claims on the Common

1    Fund over a five-year Damage Claims Period. The Agreement provides for a fair and equitable

2    distribution of compensation from the Common Fund among all Settlement Class Members and

3    Claimants throughout the Damage Claims Period, by actively adjusting payment amounts and

4    providing for allocations of unapplied funds at the end of the Damage Claims Period until the

5    maximum recovery specified in the Settlement Agreement has been achieved. As confirmed in the

6    Preliminary Approval Order, the Court retains the right and discretion to determine how any

7    surplus fund will be applied.

8         13. The Common Fund is substantial and reasonable, taking into account the significant

9    uncertainty and risk and the potential factual and legal obstacles to recovery on claims against the

10   Watts Defendants. The parties negotiated a settlement amount of $23 million. After deductions for

11   costs of the notice plan, payment of the requested attorneys' fees and expenses, plaintiffs'

12   incentive awards, and costs of the claims administrator, the projected funds available to pay

13   anticipated claims will be approximately $15 million.  The amount of the Common Fund falls

14   within a reasonable range of recovery, given the likelihood of Plaintiffs' success on the merits.

15   The Common Fund represents a reasonable portion of the Settlement Class Members' alleged

16   damages, taking into account the legal and factual disputes between the parties, the uncertainty of

17   a jury trial and the possibility of a defense verdict, the risk and delay associated with continued

18   litigation, the likelihood of an appeal following judgment, and other facts and circumstances

19   particular to this case. Evidence presented in discovery indicates that a very small percentage of

20   Toilet Connectors fail before the end of their expected life, and that the amount of money

21   available in the Common Fund during the Damages Claims Period has been well-tailored to

22   approximate the total value of claims anticipated.

23        14. Experienced, competent and well-informed Class Counsel recommended approval of

24   the settlement. The parties estimate that there are currently millions of potential Settlement Class

25   Members. The vast majority of potential Settlement Class Members neither objected nor opted out

26   of the Settlement Class.

27        15. The Court finds that the notice to the Settlement Class of the pendency of the Class

28   Action and of this settlement, as provided by the Settlement Agreement and by the Preliminary

United States District Court
Northern District of California

Approval Order dated February 14, 2014, constituted the best notice practicable under the circumstances to all persons and entities within the definition of the Settlement Class, and fully complied with the requirements of Federal Rules of Civil Procedure Rule 23 and due process. Due and sufficient proof of the execution of the Notice Plan as outlined in the Preliminary Approval Order has been filed with the Court.

16. The Court adjudges that the payment of attorneys' fees in the amount of $5.75 million and expenses of $650,000 to Class Counsel, and the payment of a service award to the Class Representatives in the amount of $7,500 to those whose homes were inspected and $5,000 to those whose homes were not inspected, is fair, reasonable and adequate and that said attorneys' fees and costs shall be paid to Class Counsel and said service awards shall be paid pursuant to the terms of the Agreement. Lead Class Counsel shall distribute the service awards above to each of the Class Representatives. Lead Class Counsel shall also distribute the attorneys' fees and expenses between or among Class Counsel, as Lead Class Counsel shall determine based on Class Counsel's relative substantive contributions to the prosecution and settlement of this Action.

17. Consummation of the settlement shall proceed as described in the Settlement Agreement. The Court appoints Frank Rotella to serve as the Special Master to adjudicate any appeals regarding the Settlement Administrator's payment of claims. The Court reserves exclusive jurisdiction over: (i) the Agreement, including its administration, consummation, claim procedures, enforcement, and any other issues or questions that may arise; (ii) the Settling Parties and disputes for purposes of the Agreement; (iii) any applications for attorney's fees, expenses and costs related to the Agreement; and (iv) all proceedings related to this Agreement, including after Final Approval is entered and no longer subject to appeal, and over enforcement of this Final Order and Judgment.

18. The Settlement Agreement releases and discharges the Released Parties for Released Claims, and the Court adopts and approves the release language set forth in paragraphs 92-99 of the Settlement Agreement.

19. The Class Representatives and all Settlement Class Members shall, as of the Effective Date, conclusively be deemed to have acknowledged that the Released Claims may include

6

United States District Court
Northern District of California

claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of the Effective Date. The Class Representatives and all Settlement Class Members nonetheless release all such Released Claims against the Released Parties. Further, as of the Effective Date, the Class Representatives and all Settlement Class Members shall be deemed to have waived any and all protections, rights and benefits of California Civil Code section 1542 and any comparable statutory or common law provision of any other jurisdiction.

20. The benefits and payments described in the Settlement Agreement are the only consideration, fees, and expenses the Defendants and Released Parties shall be obligated to give to the Class Representatives, Settlement Class Members, Claimants and Class Counsel in connection with the Agreement and the payment of attorneys' fees and expenses.

21. The Class Action and all claims asserted in the Class Action are settled and dismissed on the merits, and with prejudice as to the Class Representatives, all Settlement Class Members and all Persons that have or are entitled to make or pursue a claim or action through or in the name or right of a Settlement Class Member. Notwithstanding the foregoing, this Final Order and Judgment does not dismiss any claims by any persons or entities who have requested exclusion from the Settlement Class or who have excluded particular claims from the Settlement, as provided for in the Agreement. A list of exclusions from the Settlement Class and claims excluded from the Settlement is attached hereto as Exhibit A, and is incorporated herein. Notwithstanding the dismissal of the Class Action, Defendants shall not claim and shall not be awarded any costs, attorneys' fees, or expenses.

22. All Settlement Class Members and all Persons that have, can or are entitled to make or pursue a claim or action through or in the name or right of a Settlement Class Member, are hereby permanently enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise) or receiving benefits from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding in any jurisdiction based on or relating to the claims released in the Settlement Agreement, or the facts and circumstances related thereto.  In addition, all Settlement Class Members, and all Persons that have, can or are entitled to make or pursue a claim or action through or in the name or right of a Settlement Class Member,

are hereby permanently enjoined from filing, commencing, prosecuting, or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction), on behalf of members of the Settlement Class, or any Person that have, can or is entitled to make or pursue a claim or action through or in the name or right of a Settlement Class Member, if such other class action is based on or relating to the Released Claims, or the facts and circumstances relating thereto. Issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over this action and to enforce this Court's Final Order and Judgment. The Court finds no bond is necessary for the issuance of this injunction.

23. Without affecting the finality of this Final Order and Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Class Action, the Class Representatives, the Settlement Class Members, Persons who are entitled to claim through or in the name or right of Settlement Class Members, and the Defendants for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Agreement, the Court's Preliminary Approval Order, and this Judgment.

24. The Agreement and this Final Order and Judgment are not admissions of liability or fault by Defendants or the Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by the Defendants or the Released Parties. The Agreement and settlement are not a concession by the Parties. To the extent permitted by law, neither this Final Order and Judgment, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by the Defendants, the Released Parties, or any of them. Notwithstanding the foregoing, nothing in this Final Order and Judgment shall be interpreted to prohibit its use in a proceeding to consummate or enforce the Settlement Agreement or this Final Order and Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

25. All other relief not expressly granted to the Settlement Class Members is denied.

**IT IS SO ORDERED.**

Dated: August 5, 2014

_____
WILLIAM H. ORRICK
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# EXHIBIT A

1

2

Settlement Class Members

3

Melinda Lou Carmen

4

Douglas and Hilarie Lapham

5

Insurers For Particular Claims

6

AIG Property Casualty Co. (as subrogee of John & Chris Kelley)

7

AIG Property Casualty Co (as subrogee of George Maloof, Jr.)
Allstate Insurance Co. (as subrogee of John and Melissa Albert)

8

American Integrity Insurance Co of FL (as subrogee of Naseeb Alli)
American Integrity Insurance Co of FL (as subrogee of Chad Baker)

9

American Integrity Insurance Co of FL (as subrogee of Vashti Mahabir)

10

American Integrity Insurance Co of FL (as subrogee of Alice Peters)
American Integrity Insurance Co of FL (as subrogee of James and Marilyn Thomeczek)

11

American Integrity Insurance Co of FL (as subrogee of John Dixon and Arlyn Toile)
American Integrity Insurance Co of FL (as subrogee of Kamlawattee Singh)

12

American Integrity Insurance Co of FL (as subrogee of Ricardo Vontobel)
Amica Mutual Ins. Co. (as subrogee of Sushil Digewade)

13

Amica Mutual Ins. Co. (as subrogee of Raymond Richardson)

14

Cincinnati Ins. Co. (as subrogee of Steven Troyer)
Citizens Property Ins. Corp. (as subrogee of Cynthia Pierce)

15

Commerce & Industry Insurance Co. (as subrogee of Charles and Jennifer Kelley)
Fireman's Fund / National Surety (as subrogee of Woodrun V Townhomes)

16

Hanover Insurance Co. (as subrogee of Wadleigh, Starr, Peters PLLC)

17

Philadelphia Ins. Co. (as subrogee of The Fairways at Mauna Lani)
Prepared Insurance Co. (as subrogee of Sonia and Lav Goyal)

18

State Auto Insurance Co. (as subrogee of Mary Galardi)
State Farm Fire & Casualty Co. (as subrogee of Lauren Stein)

19

State Farm General Ins. Co. (as subrogee of Neville and Sheila Manderson)

20

State Farm General Ins. Co. (as subrogee of Bennett Meltzer and Shayna Stone)
State Farm General Ins. Co. (as subrogee of Michael Neistat)

21

State Farm Insurance Co. (as subrogee of Guy Stockbridge)
State Farm Lloyds (as subrogee of Ron Benton)

22

State Farm Lloyds (as subrogee of Christopher Boyce)
Texas Farm Bureau Ins. Co. (as subrogee of Gordon Brumbaugh)

23

Texas Farm Bureau Ins. Co. (as subrogee of Christine Nickerson)
Texas Farm Bureau Ins. Co. (as subrogee of Howard Rose)

24

Texas Farm Bureau Ins. Co. (as subrogee of Carlos Sauceda)

25

Travelers Casualty Insurance (as subrogee of Bell Road Medical)
Travelers Casualty Insurance (as subrogee of Plaza Del Rio Management Corp.)

26

27

28

United States District Court
Northern District of California